IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 15

| | |
|---|---|
| PAUL E. OWEN, ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on the United States' Motion to Dismiss (Doc. 8), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Having carefully considered the Motion, the record, and applicable authority, the undersigned respectfully recommends that the Motion be granted.

I. <u>Procedural Background</u>

Plaintiff Paul E. Owen filed his Complaint on January 16, 2019. (Doc. 1).

The United States filed its Motion to Dismiss and a supporting brief on March 22, 2019. (Docs. 8, 9).

Plaintiff has not responded to the Motion.

II. <u>Factual Background</u>

Because the Motion to Dismiss is made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court is "to regard the pleadings'

allegations as mere evidence ... and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." Upstate Forever v. Kinder Morgan Energy Partners, L.P., 887 F.3d 637, 654 (4th Cir. 2018) (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

In that regard, the facts are as follows:

In June of 2011, Plaintiff, a resident of Transylvania County, North Carolina, was charged with four violations of the Code of Federal Regulations:

1. Violation Number FAIX00BM, removing any timber, tree or other forest product, in violation of 36 C.F.R. § 2616H;

2. Violation Number FAIX00BN, cutting or otherwise damaging any timber or tree, in violation of 36, C.F.R. § 2616A;

3. Violation Number FAIX00BO, using a vehicle off road in a manner which damages or unreasonably disturbs the land, in violation of 36 C.F.R. § 26115H; and

4. Violation Number FAIX00BP, giving false information to a USFS officer, in violation of 36 C.F.R. § 2613B.[1]

Pl.'s Compl. (Doc. 1) at ¶ 12; Def.'s Ex. 1 (Doc. 9-1) at 2-5.

---

[1] The first Violation Notices are dated June 10, 2011, while the last Violation Notice is dated June 21, 2011.

The Complaint alleges that, upon information and belief, on or about November 10, 2011, the United States Forest Service ("USFS") seized a 1991 Jeep Wrangler MP and a 11'5" long single-axle trailer with a Warren winch, all owned by Plaintiff. Pl.'s Compl. (Doc. 1) at ¶ 10. The property was stored at the USFS work center in Highlands, North Carolina. Id. at ¶ 11.

On July 20, 2015, the United States and Plaintiff filed a written plea agreement with regard to the charges then pending against Plaintiff. In the agreement, Plaintiff admitted to being guilty to Violation Number FAIX00BM (removal of any timber, tree or other forest product) and the United States agreed to move to dismiss the remaining charges. Def.'s Ex. 2 (Doc. 9-2).

Plaintiff alleges that upon the acceptance of his plea agreement, his personal property was to be returned, but that the USFS failed to do so.[2] Pl.'s Compl. (Doc. 1) at ¶¶ 12-13. In particular, Plaintiff alleges that he learned, in January 2016, the USFS no longer had possession of his property and that it had been located by the Transylvania County Sheriff's Office "abandoned on the side of the road, damaged, and stripped of numerous parts." Id. at ¶ 14.

---

[2] The United States has submitted a partial copy of the plea agreement, though page 5 of 6 appears to be missing. The portions of the plea agreement that have been submitted do not specify that the return of Plaintiff's property was a term of the agreement.

3

III. <u>**Legal Standard**</u>

"The plaintiff bears the burden of showing that the government has waived sovereign immunity at the motion to dismiss stage." <u>Robinson v. United States Dep't of Educ.</u>, 917 F.3d 799, 802 (4th Cir. 2019) (citations omitted); <u>see</u> <u>also</u> <u>Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.</u>, 166 F.3d 642, 647 (4th Cir. 1999) (citing <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir.1991) ("The plaintiff has the burden of proving that subject matter jurisdiction exists.").

A dismissal for lack of subject matter jurisdiction should be without prejudice, since in such a context the court is unable to reach the merits of the case. <u>See e.g.</u>, <u>Beazer E., Inc. v. U.S. Navy</u>, 111 F.3d 129 at *5 (4th Cir. 1997) ("If a court does not have subject matter jurisdiction over a claim, it can only dismiss without prejudice; it cannot reach the merits.").

IV. <u>**Discussion**</u>

Plaintiff's Complaint contains a single claim based on a theory of negligence. Plaintiff asserts that subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1346(b) and specifically that the United States' sovereign immunity has been waived by the Federal Tort Claims Act ("FTCA"). Pl.'s Compl. (Doc. 1) at 1-2.

The United States counters that, while the FTCA does provide a limited waiver of sovereign immunity that allows the United States to be held liable

4

for certain torts committed by federal employees acting within the scope of their employment, Plaintiff's claim falls within an exception to that limited waiver and that the United States' sovereign immunity remains in place. Def.'s Mem. (Doc. 9) at 6-9.

It is well established that the United States is generally immune from suit. <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). That immunity may be abrogated however, and "[i]n the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." <u>Ali v. Fed. Bureau of Prisons</u>, 552 U.S. 214, 217–18 (2008) (citing 28 U.S.C. § 1346(b)(1)). Consequently, "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," are authorized by the FTCA. 28 U.S.C.A. § 1346(b)(1).

Certain types of claims, however, are exempt from this waiver. <u>See</u> 28 U.S.C. § 2680(a)-(n). Specifically relevant for present purposes is 28 U.S.C. § 2680(c), which states that the FTCA does not apply to "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c). The Supreme Court has interpreted "any claim arising in respect of … the

5

detention of goods," to include "a claim resulting from negligent handling or storage of detained property." Kosak v. United States, 465 U.S. 848, 854 (1984).

The exemption in § 2680(c) has itself been modified by the Civil Asset Forfeiture Reform Act ("CAFRA") which restored the waiver of immunity with respect to seizures based on federal forfeiture laws. 28 U.S.C. § 2680(c)(1)-(4); Ali, 552 U.S. at 221-222. That is, "the government is *not* immune from suits arising from the detention of property by law enforcement 'if the property was seized for the purpose of forfeiture'." Starr Indem. & Liab. Co., as subrogee of Jet Zee, LLC v. United States of Am., No. CV CCB-18-3326, 2019 WL 4305529, at *3 (D. Md. Sept. 11, 2019) (citations omitted) (emphasis in original)).[3]

In the instant matter, Plaintiff's claim arises out of the detention of his property by the USFS. He does not allege that the initial seizure of the property

---

[3] In its entirety, 28 U.S.C. § 2680 (c) reads as follows:

(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—
(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
(2) the interest of the claimant was not forfeited;
(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

6

Case 1:19-cv-00015-MR-WCM    Document 10    Filed 09/17/19    Page 6 of 9

was invalid or that the property was damaged at the time it was seized, but rather that the USFS subsequently mishandled the property by storing it at the Highlands work center and apparently allowing it to be taken and later found "abandoned on the side of the road, damaged, and stripped of numerous parts." Pl.s' Compl. (Doc. 1) at ¶ 14. In short, Plaintiff has alleged a claim for negligent handling or storage that falls squarely within the § 2680(c) exemption to the FTCA's waiver of immunity. Kosak v. United States, 465 U.S. 848, 854 (1984).

Plaintiff's Complaint does not allege that Plaintiff's property was seized pursuant to federal forfeiture laws such that CAFRA's exception to the exemption, as set forth in § 2680(c)(1)-(4), might apply. While Plaintiff's Complaint alleges a time gap of several months between the issuance of the Violation Notices in June 2011 and the seizure of the property in November 2011, it does not provide details as to the reason for the time delay. Likewise, no civil forfeiture action has been located on the docket in this district.

Therefore, as the waiver exemption of § 2680(c) controls, the United States' sovereign immunity remains in place and subject matter jurisdiction over Plaintiff's claim is lacking.

7

## V. Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss (Doc. 8) be **GRANTED**, and Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE**.

Signed: September 17, 2019

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14) days** of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).