# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00015-MR

| | |
|---|---|
| PAul OWEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss [Doc. 8]; the Magistrate Judge's Memorandum and Recommendation [Doc. 10] regarding the disposition of said motion; and the Plaintiff's Objections to the Judge's Memorandum and Recommendation [Doc. 12].

## I.   PROCEDURAL BACKGROUND

On January 16, 2019, Paul E. Owen (the "Plaintiff") brought this action against the United States of America (the "Government"), asserting a claim based on negligence. [Doc. 1 at ¶ 8]. On March 22, 2019, the Government filed a Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Doc. 8]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable William Carleton

Metcalf, United States Magistrate Judge, was designated to consider the Government's motion to dismiss and to submit a recommendation for its disposition. On September 17, 2019, the Magistrate Judge issued a Memorandum and Recommendation, which recommended that the Government's Motion to Dismiss be granted. [Doc. 10].

On October 1, 2019, the Plaintiff filed Objections to Judge's Memorandum and Recommendation [Doc. 12]. On October 7, 2019, the Government filed a response to the Plaintiff's Objections to Memorandum and Recommendation [Doc. 13].

II.  **STANDARD OF REVIEW**

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally,

the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

The Plaintiff has filed what purports to be objections to the Magistrate Judge's Memorandum and Recommendation. The Plaintiff's filing, however, does not identify any specific error in the Magistrate Judge's proposed conclusions of law. Rather, the Plaintiff simply restates the allegations and legal theories asserted in his Complaint.[1] Such "objections" do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

---

[1] The Court notes that the Plaintiff, who is represented by counsel, failed to respond to the Government's Motion to Dismiss and thus deprived the Magistrate Judge of the opportunity to address his legal arguments when considering the Government's Motion in the first instance.

3

Nevertheless, the Court will proceed to address the Plaintiff's arguments. The Plaintiff raises three objections to the Magistrate Judge's conclusions.

First, the Plaintiff alleges that "[t]he Plaintiff's claim does not fall within the scope of 28 U.S.C. § 2680(c)" and "therefore the United States has waived its sovereign immunity for the Plaintiff's claim." [Doc. 12 at 1].

In this case, the Plaintiff alleges that the Government took possession of his vehicle and trailer at the time of his arrest. The Government did not seek forfeiture of this property, but simply stored it. [Doc. 1 at 3]. The Plaintiff asserts that the Government's storage of the property was negligent in that it was removed from storage, damaged, and abandoned. [Id. at 4].

The United States is generally immune from suit, United States v. Testan, 424 U.S. 392, 399 (1976), unless that immunity is abrogated via a waiver such as the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346. The FTCA, however, does not apply to claims arising from "the detention of any goods, merchandise or other property by any officer of customs or excise or any other law enforcement officer[,]" unless "the property was seized for the purpose of forfeiture . . . other than as a sentence imposed upon conviction of a criminal offense." 28 U.S.C. § 2680(c).

4

The Plaintiff argues that the FTCA applies here and waives the Government's sovereign immunity. [Doc. 12 at 2]. The Plaintiff's claim, however, is clearly for the negligent storage of detained property by law enforcement. The United States is immune from such a claim. <u>Kosak v. U.S.</u>, 465 U.S. 848, 854 (1984).[2] As such, the Plaintiff's first objection must be rejected.

The Plaintiff's second objection is that "the United States effectively seized his property for no valid reason and therefore was an unconstitutional taking of the Plaintiff's property without just compensation." [Doc. 12 at 2]. The Plaintiff seems to be raising a challenge under the Takings Clause of the Fifth Amendment, which prohibits the taking of private property without just compensation. <u>See</u> U.S. Const. amend. V. The Plaintiff, however, has asserted no such claim in his Complaint. He has presented only a single count of negligent destruction and handling of the property.

The facts alleged by the Plaintiff are entirely inconsistent with a claim for inverse condemnation under the Takings Clause of the Fifth Amendment. The Plaintiff does not claim that the Government took the property for its own use, thus triggering a right to compensation. The Plaintiff merely alleges that

---

[2] The Plaintiff concedes that his "property was not seized as a sentence imposed upon the Plaintiff nor was . . . a civil forfeiture ever filed." [Doc. 12 at 1].

the Government was negligent in its handling of the property. The Taking Clause is inapposite. Therefore, the Plaintiff's second objection is overruled.

The Plaintiff's third objection argues that the United States is liable for the damage to the Plaintiff's property because it had no evidentiary value. [Doc. 12 at 2].[3] The evidentiary value of the Plaintiff's property is irrelevant to the issues presented in this case.[4] As noted above, the Plaintiff admits that his claim does not fall within 28 U.S.C. § 2680(c)(1). [Doc. 12 at 2]. As such, the Plaintiff's claim is barred by sovereign immunity and the Plaintiff's third objection must be rejected.

## IV. CONCLUSION

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law, including Supreme Court precedent. Accordingly, the Court hereby accepts the Magistrate

---

[3] The Plaintiff's third objection also repeats that "the Plaintiff's claim does not fall under any exemption to the Federal Tort Claims Act contained in 28 U.S.C. § 2680." [Id.]. This objection merely reasserts the Plaintiff's first objection and is rejected for the same reasons.

[4] This argument extends beyond the claim the Plaintiff has pleaded. Moreover, it appears to be inconsistent with the facts alleged. The Plaintiff sets forth that he was charged with four CFR violations. [Doc. 1 at 3]. The Court can take judicial notice of what those alleged violations were. [Doc. 9-1 at 2-5]. The vehicle and trailer appear to be of evidentiary value regarding those violations. Nothing in the record explains why it took more than three years to resolve those charges, resulting in the continued detention of the property.

6

Judge's recommendation that the Government's motion to dismiss should be granted on the grounds of sovereign immunity.

## ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 12] are **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 10] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss [Doc. 8] is **GRANTED** on the grounds of sovereign immunity. This action is therefore **DISMISSED**.

The Clerk of Court is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: November 18, 2019

Martin Reidinger
United States District Judge